IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CLARENCE RESPRESS, and ARMY AVIATION CENTER FEDERAL CREDIT UNION, | ) ) ) ) |
| Defendants. | ) ) |

CASE NO.: 1:14-cv-155-MEF
(WO - Do Not Publish)

**TEMPORARY RESTRAINING ORDER**

Now before the Court is Plaintiff The Verizon Employee Benefits Committee's ("Plaintiff") Complaint (Doc. #1), Motion for Temporary Restraining Order and Preliminary Injunction and for Hearing (Doc. #4), Plaintiff's Brief in Support of its Motion for Temporary Restraining Order and for Hearing (Doc. #5), and the Declaration of Marc Schoenecker (Doc. #4-1) filed pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Having reviewed the foregoing, the Court finds that Plaintiff has demonstrated the following: (1) that Plaintiff has a substantial likelihood of success on the merits of its claim that Defendants Clarence Respress ("Respress") and Army Aviation Center Federal Credit Union ("AACFCU") (collectively, "Defendants") should be required to repay to the GTE South Incorporated (Southeast) Plan for Hourly-Paid Employees' Pensions (hereinafter, the "Pension Plan"), which is a component of the Verizon Pension Plan for Mid-Atlantic and South Associates, the $155,970.41 payment made to Respress and AACFCU Individual

Retirement Account No. XXXXX250-6 from the Pension Plan (hereinafter, the "Erroneous Pension Plan Payment"); (2) that there is a substantial threat of irreparable injury to Plaintiff if the temporary restraining order does not issue because the equitable relief Plaintiff is seeking may become unavailable if the plan assets and proceeds are dissipated, cannot be traced, or otherwise leave the control of Respress and his Account with AACFCU; (3) that the threatened injury to Plaintiff outweighs any harm that might result to Defendants or others; and (4) the temporary restraining order, if issued, will not be adverse to the public interest. Therefore, in accordance with Rule 65 of the Federal Rules of Civil Procedure, the Court finds that a Temporary Restraining Order should issue to preserve the status quo.

In issuing the Temporary Restraining Order, the Court understands that Defendants have not yet been given an opportunity to be heard and emphasizes that it is not making a final decision on Plaintiff's request for preliminary injunctive relief or the merits of Plaintiff's claims. However, the Court is satisfied that, based on the above findings, issuing the Temporary Restraining Order without notice to Defendants and until a full hearing can be held on Plaintiff's request for preliminary injunctive relief is the most appropriate and lawful action to take.

Accordingly, it is hereby ORDERED as follows:

1. To the extent Plaintiff The Verizon Employee Benefits Committee's Motion for Temporary Restraining Order and Preliminary Injunction and for Hearing (Doc. #4) seeks a temporary restraining order, that motion is GRANTED. To the extent Plaintiff The Verizon Employee Benefits Committee's Motion for Temporary Restraining Order and

Preliminary Injunction and for Hearing seeks a preliminary injunction and a hearing, that motion remains pending. A hearing on the request for preliminary injunctive relief will be set by separate Order;

 2. Pending further Order of the Court, Defendants Clarence Respress and Army Aviation Center Federal Credit Union are hereby restrained and enjoined from dissipating, transferring, pledging, spending, disposing of, or encumbering the $155,970.41 Erroneous Pension Plan Payment made to Respress and AACFCU Individual Retirement Account No. XXXXX250-6 from the Pension Plan. This Temporary Restraining Order shall apply to the parties, the parties' officers, agents, servants, employees, and attorneys, and any other person who is in active concert or participation with the parties or the parties' officers, agents, servants, employees, and attorneys.

 3. This Temporary Restraining Order shall remain in full force and effect until 5:00 p.m., Central Standard Time, on March 24, 2014;

 4. The Court has determined that no costs or damages will be incurred by Defendants during the pendency of this Temporary Restraining Order, and, therefore, no security bond will be required under Rule 56(c) of the Federal Rules of Civil Procedure. However, the parties should be prepared to discuss the issue of a bond with respect to the issuance, if any, of preliminary injunctive relief;

 5. A telephone hearing is scheduled for Friday, March 14, 2014, at 2:45 p.m., Central Standard Time, to be arranged by counsel for Plaintiff;

 6. The Clerk of Court is DIRECTED to send by overnight mail a copy of this

Temporary Restraining Order to Defendant Clarence Respress at 1000 Summit Street, Dothan, AL 36301, and Defendant Army Aviation Center Federal Credit Union, ATTN: Bill Williams, at 341 N. Daleville Avenue, Daleville, AL 36322.

DONE this the 12th day of March, 2014, at 2:30 p.m., Central Standard Time.

                                                 /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE