IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE,          )<br>)<br>Plaintiff,          )<br>)<br>v.          )<br>)<br>CLARENCE RESPRESS, and          )<br>ARMY AVIATION CENTER          )<br>FEDERAL CREDIT UNION,          )<br>)<br>Defendants.          ) | CASE NO.: 1:14-cv-155-MEF<br>(WO - Do Not Publish) |

**PRELIMINARY INJUNCTION ORDER**

On March 12, 2014, the Court entered an Amended Temporary Restraining Order. (Doc. #9.) A hearing was held on this Order on March 20, 2014, and was attended by counsel for all parties. Based on the representations made by counsel at the hearing, and by agreement of all parties, the Court finds that Plaintiff has demonstrated: (1) that Plaintiff has a substantial likelihood of success on the merits of its claim that Defendants Clarence Respress ("Respress") and Army Aviation Center Federal Credit Union ("AACFCU") (collectively, "Defendants") should be required to repay to the GTE South Incorporated (Southeast) Plan for Hourly-Paid Employees' Pensions (hereinafter, the "Pension Plan"), which is a component of the Verizon Pension Plan for Mid-Atlantic and South Associates, the $55,997.59 remaining in Respress's AACFCU Individual Retirement Account No. XXXXX250-6, which was made to Respress from the Pension Plan; (2) that there is a substantial threat of irreparable injury to Plaintiff if the Preliminary Injunction Order does

not issue because the equitable relief Plaintiff is seeking may become unavailable if the plan assets and proceeds are dissipated, cannot be traced, or otherwise leave the control of Respress and his Account with AACFCU; (3) that the threatened injury to Plaintiff outweighs any harm that might result to Defendants or others; and (4) the Preliminary Injunction Order, if issued, will not be adverse to the public interest.  Therefore, in accordance with Rule 65 of the Federal Rules of Civil Procedure, and upon agreement of all parties, the Court finds that converting the Amended Temporary Restraining Order into a Preliminary Injunction Order is appropriate and necessary to preserve the status quo.

     Accordingly, it is hereby ORDERED as follows:

     1.    Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Motion for Preliminary Injunction (Docs. #1, 4) is GRANTED, and the Amended Temporary Restraining Order (Doc. #9) entered on March 12, 2014, is converted to a Preliminary Injunction Order, which shall remain in full force and effect until the Court makes a final ruling on the merits of this action.  Pending further Order of the Court, Defendants Clarence Respress and Army Aviation Center Federal Credit Union are hereby restrained and enjoined from dissipating, transferring, pledging, spending, disposing of, or encumbering the $55,997.59 remaining in Respress's AACFCU Individual Retirement Account No. XXXXX250-6.  This Preliminary Injunction Order shall apply to the parties, the parties' officers, agents, servants, employees, and attorneys, and any other person who is in active concert or participation with the parties or the parties' officers, agents, servants, employees, and attorneys.

2. The Court has determined that no costs or damages will be incurred by Defendants during the pendency of this Preliminary Injunction Order, and, therefore, no security bond will be required under Rule 65(c) of the Federal Rules of Civil Procedure.

3. The Defendants' deadline to answer the complaint is STAYED until further notice of the Court.

4. The parties are authorized to conduct discovery in this matter for a period of forth-five (45) days from the date of entry of this order.

5. Following the close of discovery, a telephone status conference will be held on May 16, 2014, at 10:00 a.m., CST, with counsel for plaintiff to arrange the call. The parties shall jointly submit a written report on the status of discovery and the parties' desire for mediation no later than noon, CST, on May 15, 2014.

DONE this the 24th day of March, 2014, at 4:04 p.m., Central Standard Time.

　　　　　　　　　　　　　　　　　　　　　/s/ Mark E. Fuller　　　　　　
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE